701 A.2d 130

IN THE MATTER OF STEVEN E. POLLAN,
AN ATTORNEY AT LAW.

Decided October 22, 1997.

## ORDER

The Disciplinary Review Board on July 10, 1997, having filed with the Court its decision concluding that **STEVEN E. POLLAN** of **SOUTH ORANGE**, who was admitted to the bar of this State in 1970, and who was suspended from the practice of law for a period of six months effective March 1, 1996, by Order of this Court dated February 6, 1996, and who remains suspended at this time, should be suspended from practice for a further period of two years for his misconduct in five matters, including violations of

*RPC* 1.1(a) (gross neglect); *RPC* 1.1(b) (pattern of neglect); *RPC* 1.3 (lack of diligence); *RPC* 1.4 (failure to communicate); *RPC* 1.16(d) (failure to surrender property and papers to a client); *RPC* 3.2 (failure to expedite litigation); and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities); and *RPC* 8.4(a) (attempt to violate the Rules of Professional Conduct);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to satisfy the judgment in the *Patel* matter and demonstrate that he is fit to practice law, and that on reinstatement, respondent should be required to practice under the supervision of a practicing attorney for a period of three years;

And good cause appearing;

It is ORDERED that **STEVEN E. POLLAN** is hereby suspended from practice for a period of two years, effective immediately, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice respondent shall provide proof that he has satisfied the judgment against him in the *Patel* matter; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of three years and until further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.